# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 30, 2022

```
* * * * * * * * * * * * * * * * * * * * * * * *
CHLOE LEMAY-ASSH,                *    No. 19-1284V
                                 *
         Petitioner,             *    Special Master Sanders
v.                               *
                                 *
SECRETARY OF HEALTH              *    Dismissal; Human Papillomavirus
AND HUMAN SERVICES,              *     ("HPV") Vaccine; Allergies; Fatigue
                                 *
         Respondent.             *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner.
*Mary E. Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On August 27, 2019, Chloe Lemay-Assh ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she suffered from injuries including worsening food allergies, fatigue, and pain due to a human papillomavirus ("HPV") vaccine administered on August 30, 2016. Pet. ¶¶ 1, 4–7, ECF No. 1. Respondent filed his Rule 4(c) report on September 14, 2020, recommending against compensation, and Respondent filed a motion to dismiss on February 8, 2021. ECF Nos. 26–27. On March 31, 2022, I denied Respondent's motion to dismiss and ordered Petitioner to file an expert report. ECF No. 45. On September 9, 2022, Petitioner filed a letter from an expert estimating that he could complete an expert report by November 7, 2022. Pet'r's Ex. 86, ECF No. 49-1. However, Petitioner filed a status report indicating that she intended to file a motion to dismiss on October 21, 2022. ECF No. 50.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 4, 2022, Petitioner filed a motion for a decision dismissing her petition. ECF No. 52. Petitioner stated that she "wishes to exercise her election under the Vaccine Act so that she may bring a civil action against the vaccine manufacturer." *Id.* at 1. Petitioner continued that her "wish to exercise her election under the Vaccine Act to pursue a civil action against the vaccine manufacturer should not be viewed as suggesting that [she] does not believe in the merits of her claim or that her injuries are not caused by the HPV vaccination." *Id.* Petitioner noted that she "understands that to elect to reject the judgment in the present case, such a judgment must be issued . . . so that she may reject such judgment and exercise her election under the Vaccine Act to file a civil action." *Id.* Petitioner stated that she "has reviewed decisions and entitlement rulings in the Vaccine Program that present issues like the issues in her claim." *Id.* at 2. She continued that "[h]er review of the case law and an investigation of the facts and circumstances of her case have demonstrated to Petitioner that she will be unable to meet the requirements imposed by the [C]ourt for compensation in the Vaccine Program." *Id.* Petitioner stated that "[i]n these circumstances, to proceed further would be unreasonable and would waste the resources of the Court, the [r]espondent, and the Vaccine Program." *Id.* Petitioner noted that she contacted Respondent regarding this motion and that Respondent indicated he wished to file a response. *Id.* at 3. On November 17, 2022, Respondent filed a response stating that he "does not object to a dismissal and reserves the right to oppose any application for attorneys' fees and costs based on a lack of reasonable basis under 42 U.S.C. § 300aa-15(e)(1)." ECF No. 55 at 1. Petitioner filed a reply requesting a decision dismissing her petition on November 19, 2022. ECF No. 56.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused by the HPV vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and at this time, Petitioner has not filed a supportive opinion from an expert witness. Further, a closer review of the record is not warranted in light of Petitioner's motion for a decision dismissing her petition. Therefore, this case must be **dismissed. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.