# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 27, 2023

```
* * * * * * * * * * * * *
CHLOE LEMAY-ASSH,              *    No. 19-1284V
                               *
            Petitioner,        *    Special Master Sanders
                               *
v.                             *
                               *
SECRETARY OF HEALTH            *    Order; Motion for Redaction; Dismissal
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
* * * * * * * * * * * * *
```

*Robert J. Krakow*, Law Office of Robert J. Krakow, New York, NY, for Petitioner.
*Mary E. Holmes*, United States Department of Justice, Washington, DC, for Respondent.

## ORDER DENYING MOTION TO REDACT[1]

On August 27, 2019, Chloe Lemay-Assh ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she suffered from injuries including worsening food allergies, fatigue, and pain due to a human papillomavirus ("HPV") vaccine administered on August 30, 2016. Pet. ¶¶ 1, 4–7, ECF No. 1.

On November 4, 2022, Petitioner filed a motion to dismiss her petition. ECF No. 54. I issued a Decision dismissing her petition on November 30, 2022. Decision, ECF No. 57. Petitioner has now requested, pursuant to Vaccine Rule 18(b), that I redact her name from the Decision. Pet'r's Mot. at 1, ECF No. 59.

### I.   Relevant Procedural History and the Parties' Arguments

---

[1] This Order shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Order. If, upon review, I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 30, 2022, pursuant to Petitioner's motion to voluntarily dismiss her claim, I issued a two-page Decision dismissing this case. *See* Decision. The Decision includes the name of the vaccine Petitioner alleged caused her injuries, the date of vaccination, and the injuries she alleged were caused by said vaccination. *See id.* at 1. It does not include any further medical information. *See id.* at 1–2. The Decision also includes the case's relevant procedural history, including that Petitioner wished to dismiss her case to pursue a claim against the vaccine manufacturer. *See id.* at 2.

On December 14, 2022, Petitioner timely filed a motion for redaction. *See* Pet'r's Mot. Petitioner requested "redaction of her name so that it is not linked to private medical information disclosed in the Decision . . . ." *Id.* at 1. Petitioner acknowledged that "the Decision does not contain extensive medical information about Petitioner[.]" *Id.* at 2. However, she contended that "the information contained in the documents [sic], if published and linked to Petitioner would constitute a clearly unwarranted invasion of privacy." *Id.* Petitioner noted that she is a victim of domestic abuse and that she is currently a complaining witness against her ex-boyfriend in a state criminal case. *Id.* at 3. Petitioner stated that she is also a witness in a murder case against her ex-boyfriend. *Id.* She asserted that "[t]he prosecutors and police officers in the two cases have advised [her] that there is a concern for her safety because of the two pending criminal cases against her ex-boyfriend. For this reason, she has been advised by the prosecutors that her name will appear in public documents only by her initials[]" in the criminal cases *Id.* Petitioner, however, "believes that her true name has appeared in public documents associated with the [criminal] case." *Id.* Petitioner asserted that "disclosure of [her] true name in a published Decision risks heightening her exposure to danger through associates of her ex-boyfriend or at the direction of her ex-boyfriend." *Id.* at 3–4. Petitioner filed a declaration noting her safety concerns and reiterating the statements she made in her motion. *See* Pet'r's Ex. 87, ECF No. 59-1.

Petitioner also argued that "the disclosure of her name connecting to her medical conditions will also adversely affect her reputation and her future employment prospects." Pet'r's Mot. at 4. Petitioner argued that redacting her name to her initials in the public Decision "would have no impact on the public's interest in the information contained in the Decision." *Id.* Petitioner contended that "[t]he legitimate interest of the [g]overnment here is in disclosure of vaccine related *information*; the [g]overnment's interest does not remotely extend to *linking* that information to Petitioner." *Id.* at 9 (emphases in original). Petitioner moved to defer the publication of the Decision if redaction is denied so she can file a motion for review. *Id.* at 10–11.

Respondent filed a response to Petitioner's motion on December 16, 2022. Resp't's Resp., ECF No. 60. Respondent did not take a position but rather deferred to my judgment. *See id.* at 5. Respondent stated that my "analysis should focus on whether redaction of the requested information strikes an appropriate balance between [P]etitioner's privacy interest in the information and the public's interest in the Decision." *Id.* at 1. Respondent discussed the standards underlying redaction decisions, citing *Langland v. Sec'y of Health & Hum. Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) and *W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440 (2011), *aff'd on non-relevant grounds*, 704 F.3d 1352 (Fed. Cir. 2013). *Id.* at 2–3.

This matter is now ripe for consideration.

## II.  Applicable Legal Standard

Pursuant to the Vaccine Act, once a special master issues a decision or ruling, any information contained therein will become public. 42 U.S.C. § 300aa-12(d)(4). The parties, however, can request redaction of "medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." § 300aa-12(d)(4)(B)(ii); *accord* Vaccine Rule 18(b). Although the Vaccine Rules mandate the redaction of minors' names, adult petitioners' names are not automatically redacted. *E.g.*, *M.W. v. Sec'y of Health & Hum. Servs.*, No. 18-0267V, 2021 WL 1594218, at *1. (Fed. Cl. Spec. Mstr. Mar. 31, 2021). An adult petitioner may have her name redacted if she establishes sufficient grounds for such. *Id.*

There are differing interpretations of how strict the standard for obtaining redaction should be. *Compare Langland*, 2011 WL 802695, at *6 (stating "a party requesting redaction of medical information must satisfy a substantial burden to demonstrate a right to redaction."), *with W.C.*, 100 Fed. Cl at 461 (stating that a petitioner's "interest must be weighed against the government's interest in public disclosure[]" and that "where '[t]here is no relevant public purpose to be weighed against [a] threatened invasion[,] . . . *any* invasion of privacy threatened by disclosure . . . is 'clearly unwarranted.'") (citation omitted) (emphasis in original). Regardless of which standard applies, the Vaccine Act's use of the phrase "clearly unwarranted invasion of privacy" to define the type of information suitable for redaction requires a petitioner "to make *some* showing to justify the relief of redaction[.]" *R.V. v. Sec'y of Health & Hum. Servs.*, No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) (citing *W.C.*, 100 Fed. Cl. at 460) (emphasis in original).

## III.  Analysis

In this case, I find that Petitioner has not shown that redaction of her name is warranted. Petitioner has requested that her name be redacted because of concerns regarding identification and safety in unrelated litigation. Although I sympathize with Petitioner, she has not shown how publication of her name in association with her vaccination and alleged injury could compromise her safety. Petitioner's ex-boyfriend presumably already knows her name, and the Decision does not provide any information regarding Petitioner's location, where she received medical treatment for her alleged injury, or where she received the vaccine that was at issue. In fact, the very nature of the Program involves jurisdiction over cases across the United States.

Furthermore, because she is not being referred to by her name in the state criminal cases, it is unclear how the publication of her name in this unrelated case would be linked to those cases. Petitioner noted that she believes her name has been published somewhere regarding the state criminal cases. However, Petitioner has provided no information to substantiate this belief or to explain the nature and reach of any privacy breach she believes occurred.

Petitioner has also requested redaction of her name to protect her reputation and future employment prospects. However, Petitioner has failed to provide any support for her request. Petitioner has not indicated what industry she is in or wishes to enter. She has not identified how the publication of her name in association with the minimal information in the Decision could impact her employment prospects or reputation.

Because Petitioner has not shown how the publication of her name in this case could cause specific harm to her security or to any future employment, she has not demonstrated that her privacy interest is distinguishable from those of other petitioners in the Program. Therefore, I deny Petitioner's motion for redaction. I will defer publication of the Decision since Petitioner has indicated she may wish to seek review.

## IV.   Conclusion

For the reasons set forth above, I hereby determine that Petitioner has not established grounds for redaction of her name in the Decision issued on November 30, 2022. I therefore **DENY** Petitioner's motion. Petitioner's motion to defer or stay publication of the Decision so she has the opportunity to seek review is **GRANTED**.

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master